60 So.2d 435

BARNETT v. HARVEL et ux.

8 Div. 608.

Supreme Court of Alabama.

Aug. 27, 1952.

601

Ralph E. Slate and Sherman B. Powell, Hartselle, for appellees.

Russell W. Lynne and Noble J. Russell, Decatur, for appellant.

SIMPSON, Justice.

Petitioner, a young mother seventeen years of age, instituted proceedings of habeas corpus before the judge of the Morgan County Court, in equity, to recover the custody of her infant daughter from the appellees, Mr. and Mrs. Harvel. Upon consideration of the cause and after hearing the testimony offered orally, the trial judge denied the petition and from that decree the appeal is prosecuted.

A short recital of the evidence will suffice to illustrate the soundness of the decree. The child is now about three and a half years old and has resided with the Harvels since May, 1950. They have nurtured and cared for her with all the attention and affection which is customarily bestowed upon a child by the natural parents. They have expended considerable

sums of money for doctor and medical bills and the mother, during most of this time, seems to have manifested little interest in her daughter. Petitioner's life seems not to have been a happy one, nor does she seem to have had the proper perspective toward life or the obligations of a mother toward her infant child. Her parents were divorced in Tennessee when she was only four years of age and she was committed by the court to the custody of her father and lived with her grandparents in that state until she was about thirteen years of age, when she secretly left with her mother and came to Alabama to live. She lived in the home of her mother at Hartselle for about a year and at the age of fourteen, with her mother's consent, married one Barnett, a boy of some sixteen years of age. The marriage of this immature couple was of short duration and after several separations, she left her home and husband with a man by the name of Wilhite and lived with him as his wife in various places. The subject infant is the product of this illicit union, having been born in Anniston March 11, 1949. After living in Alabama, Tennessee and Pennsylvania and perhaps other places with her paramour, she returned with her baby to Alabama, taking up habitation casually with various people, when finally, through the ministration of a third party, she found a home with the Harvels. About this time her husband, Barnett, and she effected a reconciliation and made plans to go to Florida to try to rehabiliate their broken married life. This was in the spring of 1950. At this time she executed before a notary public the following duly acknowledged written agreement purporting to give the child to Mrs. Harvel:

"State of Alabama

Morgan County

"I, Faye Barnett, of Hartselle, Alabama, do this day, May 16, 1950, give my child, Bernice Adeline Wilhite, to Mrs. Mildred Harvel, of Hartselle, Alabama, to be as her own child, and have authority over her, rear her, educate her, and treat her as if she were her own flesh and blood; and that I am the mother of said child, Bernice Adeline Wilhite, that said child was born March 11, 1949, at Anniston, Alabama, at Anniston Memorial Hospital, and that I have had full control of said child, and that I now have good cause and reason to give my child to said Mrs. Mildred Harvel, and that no person whomsoever has any right to interfere with said child, she now being in the possession of Mrs. Mildred Harvel, and that she is to have the full control, and possession of said child, absolutely, from this day henceforth. And I do further say, upon oath, that I will never interfere with said child, and will never take her from Mrs. Mildred Harvel.

"This May 16, 1950.

Faye Barnett"

Petitioner testifies she did not understand the import of this document, but this denial can have little weight in the light of the other evidence, including the testimony of the official who took the acknowledgement that the instrument was fully explained to her. There is no certainty exactly what the status of the child would be were its custody transferred to petitioner. She testified she plans another marriage, but we are not impressed that if this should take place the welfare of the child would be in the least served by changing its present custodial status. The Harvels are shown to have a good home and a reasonable income and to be of good moral character, and the child calls them "Mamma" and "Pappa." Quite clearly, the court would be doing a dangerous thing to transfer the custody from the present foster parents to one of such unstable character as petitioner admittedly has been, just because she is the child's natural mother.

True, prima facie, the parent is entitled to the custody of a child and with respect to one born out of wedlock the mother's prima facie right is regarded as paramount. Jackson v. Farmer, 247 Ala. 298, 24 So.2d 130.

But it is equally well established that the parent may forfeit this so-called prima facie right by his or her conduct and the relinquishment of such custody to another and continued acquiescence therein are matters to be carefully weighed and considered by the court in determining the right of custody. Jackson v. Farmer, supra; Stifflemire **v.** Williamson, 250 Ala. 409, 34 So.2d 685.

With respect to the agreement above set out, the authorities, of course, uniformly recognize that a parent cannot bind a court of equity by any agreement concerning such custody, nor is the question of custody ever a matter of res judicata. But we do look at such an agreement with a view of determining exactly what is for the best welfare of the child. We have approved the following statement of the rule from Stringfellow v. Somerville, 95 Va. 701, 29 S.E. 685, 687, 40 L.R.A. 623:

> "Where a parent has transferred to another the custody of his infant child by fair agreement, which has been acted upon by such other person to the manifest interest and welfare of the child, the parent will not be permitted to reclaim the custody of the child, unless he can show that a change of custody will materially promote his child's welfare."

Stifflemire v. Williamson, supra; Greene v. Greene, 249 Ala. 155, 30 So.2d 444.

Other tendencies of the evidence might be alluded to as indicating the impropriety of having custody transferred to petitioner, but we think we have said enough to show that the decree rendered looks decidedly to the welfare of the child and is correct.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.