229 So.2d 33

**Sam Joseph ALBANO and Ann Marchisella**

**v.**

**Athan SCHOFIELD et al.**

**6 Div. 9.**

Court of Civil Appeals of Alabama.

Dec. 8, 1969.

W. D. Partlow, Jr., Tuscaloosa, for appellees.

Albert Boutwell, Birmingham, for appellants.

WRIGHT, Judge.

This matter comes to this Court on appeal from the Circuit Court of Tuscaloosa County, in Equity, decree having been entered on November 26, 1968.

There was filed by Athan and Kathleen Schofield a petition for the full, complete and permanent custody of 12-year-old Katherine Albano. Katherine is the child of Sam Joseph Albano and Marie Sullivan Albano. The Schofields have had Katherine in their custody and care since early 1960, and have treated her as if she was their own child.

The mother, Marie Albano is non compos mentis, having been committed to Bryce Hospital first in 1958, and has been in and out of Bryce and Partlow in Tuscaloosa since that time. At the time of the hearing below she was a patient in one of these institutions, and a guardian ad litem was appointed to defend her interest as a respondent to the petition. Sam Albano was made a respondent together with the Department of Pensions and Security.

The father, Sam Albano, filed a cross-petition praying for custody, or in the alternative, custody to be given his mother, Ann Marchisella. Ann Marchisella also filed cross-petition seeking custody of Katherine. Issues were drawn and hearing held ore tenus by the court. A decree was rendered granting permanent custody to the Schofields. The court found in its decree that Sam Albano had abandoned his child, and thus forfeited all paternal rights to the child.

■ There were assigned by appellant 9 errors of the trial court. Assignments 1, 2 and 3 are to the effect that it was error for the court to grant *permanent* care, custody and control of Katherine Albano to the Schofields, and that the court was without jurisdiction to do so.

' Appellant strenuously objects to the term *permanent* in the decree. He insists that the use of this term renders the question of custody of the child res judicata and forecloses further consideration by the court of this question. This is not the law in this State. We consider that the use of the word *permanent* in the decree had no significance other than as opposed to the word *temporary*.

We must assume that the learned judge below is thoroughly cognizant of the long established law that when jurisdiction as to custody of an infant is validly invoked by a court of equity, such infant becomes a ward of the court, and remains so throughout its infancy, and question of custody is never res judicata. Lassiter v. Wilson, 207 Ala. 669, 93 So. 598; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Danford v. Dupree, 272 Ala. 517, 132 So.2d 734.

■ There must be some reasonable rule as to permanency or finality of any decree to avoid multiplicity of petitions. The rule is that a decree of custody is final while standing, but is subject to change by subsequent order, the polestar is the welfare of the child. Sparkman v. Sparkman, supra.

The court below committed no error by use of the word permanent in its decree.

■ It is argued by appellant under Assignment of Error 5, that the trial court erred in finding that Sam Albano had forfeited his right to custody of his child, Katherine, by abandoning her. Counsel offers in support of this assignment five propositions of law. These propositions are of general principles of law and each is a correct statement, but their assertion assumes that the evidence before the court below does not support the decree. We find this assumption incorrect.

The evidence was without material dispute that Sam Albano was in 1958, the father of four little girls. He had married Marie Sullivan in 1951, when their ages were eighteen and seventeen, respectively. He had worked at numerous jobs as a

clothing salesman in Birmingham, at salaries ranging from $55 to $75 per week. By his own testimony, this had been insufficient income to support his family, and he had supplemented it by writing bad checks, which were "picked up," by his father. Often he was away from home for several days and nights at a time. There was disputed testimony that on occasions his wife and children were without food.

Marie became ill in 1958, and was committed by her sister to Bryce Hospital. Sam was not at home when this occurred. He returned home, and being unable to care for his children, he carried them to the Childrens' Aid Society and left them.

It is not clear from the evidence what next occurred, but the smallest child, Betty, was brought to its maternal grandparents, who have had her since, and had, prior to this proceeding, legally adopted her. Katherine was taken by the wife's sister, Mrs. Sisco, and was given by Mrs. Sisco to the Schofields in 1960. At this time she was 3½ years of age. Another child, Mary Elizabeth, was taken by another of the wife's sisters, Mrs. Robertson, in Birmingham. Sara, the older child, is living with the appellant in Dallas, Texas. None of the children, except Sara, have received any support from appellant since 1958. He has seen little of them, and had not seen Katherine or communicated with her, or the Schofields, since 1961.

Appellant insists that in the interim between 1958, and the filing of this petition, that he was totally committed to climbing the ladder of success until he reached sufficient height thereon to reclaim and reunite his family. It is passingly strange and coincidental that he reached a satisfactory plateau on the road to success at the same time as the filing of the petition in the court below. Eight years ago he left his wife and daughters to travel the world, seeking the star of success. He suffered the trials and tribulations alone, without burdening his children with knowl-

edge of his whereabouts, or sharing with them the sustenance upon which he existed. He was too embarrassed with his failures to inform them of his deep love and firm commitment to returning to them some day, radiant with success, and reuniting his family from places and conditions unknown, and riding away in the sunset to Dallas, Texas, to live happily ever after.

It is obvious the trial judge, who heard this testimony ore tenus, and observed this witness and all the others, placed no credence in Albano's assertions of paternal intent and commitment. Having read the record, neither do we.

The Supreme Court in Barnett v. Harvel, 257 Ala. 600, 60 So.2d 435, stated "True, prima facie, the parent is entitled to the custody of a child * * *. But it is equally well established that the parent may forfeit this so-called prima facie right by his or her conduct and the relinquishment of such custody to another and continued acquiescence therein are matters to be carefully weighed and considered by the court in determining the right of custody." Jackson v. Farmer, 247 Ala. 298, 24 So.2d 130; Stifflemire v. Williamson, 250 Ala. 409, 34 So.2d 685.

We find more than sufficient evidence to support the finding of the trial court that appellant, Sam Albano, had abandoned Katherine, and thus forfeited his right as a natural parent.

It is argued by appellant, that the finding of abandonment is a predetermination of an issue in the pending petition for adoption of Katherine filed by appellee in the probate court of Tuscaloosa County. This may be the end result, but we are not concerned with any other pending cause.

Counsel for appellants has eloquently and passionately pleaded for his clients. However, his eloquence is based on the crumbling cornerstone of the assertion of parental love of Mr. Albano. His passion is di-

rected to the broken-hearted father, who after eight years of total neglect and disregard now cries for the company of a child who does not know him.

We are not constrained by this outpouring of sorrow to look with any favor upon this father in name only.

We are rather impressed by the wisdom of the court below in granting the petition of the appellees, who have proved their love for Katherine by taking her into their home, nurturing her and sharing their limited income, without any parental obligation or right. The success of their endeavor is indicated by the love of Katherine for them, and her desire to continue as their daughter in fact.

■ The controlling inquiry in determining who shall have custody of a child, is the best interest of the child at the time jurisdiction is properly invoked. Sparkman v. Sparkman, supra. This rule is so well settled in every jurisdiction, further citation is considered unnecessary.

■ There was no error in the decree granting permanent custody to the Schofields.

■ Appellant assigns as error the action of the trial court in taking judicial notice of a letter from Dr. J. S. Tarwater, Superintendent of Bryce Hospital, written in response to service of summons upon Marie Albano seven and a half years ago.

We do not consider it necessary to determine if such letter was a proper subject of judicial notice. It was totally irrelevant to the issues in the case. The mental condition of Marie Albano was admitted by the pleadings filed by appellants, and she was properly represented by guardian ad litem.

The decree of the court below is fully supported by the evidence and is due to be, and is affirmed.

Affirmed.