BRADLEY, Judge.
This is a child custody modification case.
Charles L. Hazen, II and Melody Sue Hazen were married in 1978. Melody was eighteen. In the next two years the parties became the parents of two daughters. The parties were divorced in Florida in 1982 and they agreed to give temporary legal custody of the children to the paternal grandparents, Mr. and Mrs. Richard Swanson.
In October 1984 Melody remarried and is living with her new husband, Bernard Lee Brookover, in Parkersburg, West Virginia. The Swansons live in Montgomery, Alabama. Charles L. Hazen, II, their son and the father of the children, is presently living with the Swansons in Montgomery, where he is attending college and working parttime.
After remarrying, Melody and her new husband visited the children in Montgomery in August 1984. In October 1984 Melody wrote the grandparents requesting return of custody of the children. The Swan-sons refused, and Melody filed a petition in the Circuit Court of Montgomery County, Alabama, seeking a modification of the Florida decree to allow her to have custody of the two children.
After a lengthy hearing by the court, during which it interviewed the children in camera, physical custody of the two children was awarded to the mother subject to certain enumerated conditions being observed. Some of these conditions required the mother to provide the necessary medical, dental, mental, educational, and spiritual needs of the children. She was admonished not to remove the children from Par-kersburg, West Virginia without the approval of the court, or to alter or change their custody or surnames.
The local human services organization was requested to periodically investigate and evaluate the home environment of the mother and the children’s school and medical program for one year and report quarterly to the court.
Temporary legal custody was left with the Swansons until further orders of the *600 court. The Swansons were also given special visitation privileges with the children. Additionally, the court specifically retained jurisdiction of the entire matter.
The grandparents appealed the decision to this court and here contend that the mother has failed to prove that a change in circumstances has occurred such as will materially promote the best interests and welfare of the children.
The law is well settled that a noncustodial parent who seeks custody of his or her children bears the burden of proving that a change in custody will materially promote the welfare and best interests of the children. Grimwood v. Grimwood, 465 So.2d 1167 (Ala.Civ.App.1985).
It is also well settled that the initial question of custody of children or the modification of a custody decree is a matter left to the discretion of the trial court. Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App.1984). Additionally, there is a strong presumption in favor of a trial court’s findings in a child custody case. Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App.1983). Moreover, the exercise by the trial court of the discretion reposed in it after oral hearing is presumed correct and will not be set aside except for a finding of palpable abuse. Thomas v. Davis, 410 So.2d 889 (Ala.1982). Also, when an in camera interview with the children is conducted by the court and no record is made of the interview, the court of civil appeals will presume that the interview supports the findings of the court. Small v. Small, 412 So.2d 283 (Ala.Civ.App.1982).
The evidence in the case shows that the mother married the father when she was eighteen years old, and had two children by the time she was twenty years old. She and her husband had problems about housekeeping and care of the children. They also had money problems. For a time during the marriage the parties lived with and were supported by the paternal grandparents. The mother became depressed and sought psychological help. She spent some time in a halfway house. Subsequently, the parties divorced and agreed to give temporary legal custody of the children to the grandparents. It is undisputed that it was understood by all parties that the grandparents would retain custody only until one or the other of the parents was in a position to take care of the children. In fact the grandmother testified at the modification hearing that it was always understood to be a temporary arrangement. She said she had raised her children and did not want to raise her grandchildren. She did say, however, that she would care for them as long as it was necessary to do so.
It now appears that the mother has regained her mental and emotional health, has married a young man who is employed, owns his own home, and wants to care for his wife’s children. The mother is employed and she and her husband earn enough money to adequately care for the children.
The mother and her new husband obtained permission to have the children visit in their home for about six weeks in the summer of 1985.
The mother and her new husband have taken parenting classes, have been interviewed by the authorities in West Virginia and Alabama, and have been recommended as responsible custodians of the children.
The evidence also shows that the grandparents have been fit and loving custodians of the children. The grandmother has a fulltime job and can be with the children only at night and on the weekends. Mr. Swanson is retired and is able to stay with the children. However, he suffers from depression and takes medication to control it. He also suffers from cervical arthritis.
The trial court found in its lengthy opinion that the mother had rehabilitated herself to the extent that she was now not only willing and able to care for her children but that she was very desirous of doing so, and that her new husband was very supportive of this effort. The court found that the custody held by the grandparents was never intended to be other than a temporary arrangement. The court also found that in view of the children’s *601 ages, i.e. five and six, now was the time to give the mother an opportunity to be a responsible parent. The trial court awarded physical custody to the mother, subject to certain conditions being met, to give her an opportunity to demonstrate her parenting ability, but retained legal custody in the grandparents.
Based on the evidence and the in camera interview with the children, we conclude that the trial court’s decision to award physical custody of the children to the mother in an effort to reestablish that relationship is in the best interests of the children and is not a palpable abuse of the trial court’s discretion. We affirm its decree.
The mother is awarded $500 as an attorney’s fee.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.