INGRAM, Judge.
After an ore tenus hearing, the trial court divorced the parties and ordered the husband to pay $350 per month in child support and $500 per month in alimony for three years. The court also ordered the husband to pay the wife’s attorney’s fee. The husband appeals the lower court’s decision.
The issue on appeal is whether the trial court abused its discretion in the amount of alimony and child support awarded and in its award of attorney’s fee.
It is axiomatic that alimony and child support awards are within the sound discretion of the trial court, and its judgment regarding these matters will not be reversed, absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So. 2d 347 (Ala.Civ.App.1986). Furthermore, in a divorce case in which the evidence is presented to the trial court ore tenus, the judgment of the trial court is presumed to be correct and will not be set aside by this court unless it is palpably wrong or unjust. Lucero, supra.
The record in pertinent part reveals that the parties were married for six years. They have one daughter together, and the mother has another child from a previous marriage. The husband has a salaried position with AT & T, and the record reveals that he earns approximately $3,000 per month. The mother has only an eighth grade education and is presently unable to procure any work other than menial labor.
We further note that evidence was produced at trial demonstrating that the primary reason for the parties’ divorce was the father’s sexual abuse of the parties’ daughter. The fault of one of the parties was a proper factor for the court to consider in determining the awards to be given. Hutchinson v. Hutchinson, 474 So.2d 104 (Ala.Civ.App.1985).
This court may not substitute its judgment for that of the trial court, and although the awards of alimony and child support may seem quite liberal, we cannot say that the trial court abused its discretion. Smith v. Smith, 448 So.2d 381 (Ala. Civ.App.1984).
The father argues that the trial court erred in ordering him to pay the wife’s attorney’s fee. The award of attorney’s fee in a divorce case is left to the sound discretion of the trial court. Anonymous v. Anonymous, 428 So.2d 109 (Ala. Civ.App.1983). The court may consider, in its decision to award attorney’s fees, the earning capacity of the parties, the husband’s financial condition, the wife’s income, and the nature of the conduct of the parties. Lutz v. Lutz, 485 So.2d 1174 (Ala. Civ.App.1986). A review of these factors in this case reveals no abuse of discretion by the trial court.
*1357 The wife’s request for attorney’s fee is granted in the amount of $495.00.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.