This is a child custody case arising from a dependency action.
After an ore tenus hearing custody of the minor child was awarded to the father.
The mother appeals, and we affirm.
The dispositive issue on appeal is whether the trial court abused its discretion in awarding custody of the child to the father. *Page 1266 
At the outset we note that there is a strong presumption in favor of a trial court's findings in child custody cases.Swanson v. Brookover, 489 So.2d 598 (Ala.Civ.App. 1986).
When a trial court is presented evidence ore tenus in a child custody proceeding, its determination is afforded a presumption of correctness and will not be reversed unless evidence so fails to support its determination that it is plainly and palpably wrong or unless abuse of the trial court's discretion is shown. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985). Furthermore, this court may not substitute its judgment for that of the trial court. Street v. Street, 519 So.2d 1355
(Ala.Civ.App. 1987).
The mother argues that the award of custody to the father was against the weight of evidence produced at trial and constituted a clear abuse of discretion.
It must be recognized that neither parent is given the legal presumption of a primary right to the custody of a minor child, regardless of the age of the child. Ex parte Couch,521 So.2d 987 (Ala. 1988); Cokely v. Cokely, 469 So.2d 635 (Ala.Civ.App. 1985). The welfare and best interests of the child are always the controlling consideration in child custody matters. Meltonv. State Department of Pensions Security, 448 So.2d 392
(Ala.Civ.App. 1984).
This court pretermits a detailed summary of the evidence; however, we do note that there was evidence that the mother has had sexual relations, out of wedlock, with a number of men. While married to one, she conceived and gave birth to two children, by two different men, neither one being her husband; one of these children is the subject of this custody dispute. Furthermore, the mother has been treated for psychiatric problems in the past. On the other hand, the report of the Jefferson County Department of Human Resources indicates that the father has been, and is, more than adequately providing for the child's needs. In sum, we find no error.
We would further point out that the mother's brief is only at best in minimum compliance with Rule 28, Alabama Rules of Appellate Procedure. It clearly does not have a full statement of facts, and the only citation is general in nature, rather than specific authority for the arguments advanced. Rule 28 (a)(4) and (5), A.R.A.P. In either event this case is due to be affirmed.
The father has requested this court to enter sanctions against the mother pursuant to Rule 38, A.R.A.P. After due consideration, the request is denied.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.
 *Page 1