This appeal presents an issue of first impression regarding which parent of an illegitimate child may bring a wrongful death action based upon the death of that minor child.
Kenyarda Rainer was born on June 27, 1980, to Louis Vinson and Aretha Rainer, who were not married and were not living together. On May 23, 1989, Kenyarda drowned in a swimming pool at Oakhurst Apartments in Montgomery.[1] Vinson filed a wrongful death action on June 1, 1989, pursuant to Ala. Code 1975, §6-5-391. Rainer filed a separate wrongful death action on July 12, 1989, based on the same statute. After a hearing on Vinson's and *Page 1227 
Feldman's motions to consolidate the two actions, as well as on Vinson's motion to dismiss, the trial court entered the following order:
 "[T]he Court having considered the oral argument of counsel at a hearing on January 12, 1990, and the Court having considered all briefs filed in said matter, it is hereby ORDERED, ADJUDGED and DECREED that the Motions to Consolidate said cases are GRANTED.
 "It is the further ORDER of the Court that the claims of Plaintiff, Aretha Rainer, etc., are hereby DISMISSED pursuant to Alabama Code §§ 6-5-391 and 6-5-390. The Court further ORDERS that Plaintiff, Louis Vinson, etc., has the right to pursue the claims in the complaint pursuant to Alabama Code §§ 6-5-391 and 6-5-390, having filed the complaint approximately one month prior to the filing by Plaintiff, Aretha Rainer."[2]
The statute allowing a cause of action for the wrongful death of a minor is § 6-5-391, which reads:
 "When the death of a minor child is caused by the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, the father, or the mother in cases mentioned in section 6-5-390, or, if the father and mother are both dead or if they decline to commence the action, or fail to do so, within six months from the death of the minor, the personal representative of such minor may commence an action, and in any case shall recover such damages as the jury may assess; provided, that an action by any one of them for the wrongful death of the minor shall be a bar to another action either under this section or under section 6-5-410."
This statute specifically incorporates by reference § 6-5-390, which deals with a cause of action for the injury of a minor:
 "A father or a mother, provided they are lawfully living together as husband and wife, shall have an equal right to commence an action for an injury to their minor child, a member of the family; provided, however, that in the event such mother and father are not lawfully living together as husband and wife, or in the event legal custody of such minor child has been lawfully vested in either of the parties or some third party, then and in either event the party having legal custody of such minor child shall have the exclusive right to commence such action."
(Emphasis added.)
These statutes make it clear that either the father or the mother of a minor child, but not both, may bring a cause of action for the wrongful death of that child. Before Code §6-5-390 was amended in 1979, it gave the father the priority of right in bringing such a suit. This is no longer the case, however, and now either parent may sue. See Coleman v. Stitt,514 So.2d 1007 (Ala. 1987).
The present situation is unlike any other that has arisen since that amendment. It is undisputed by the parties that Vinson and Rainer have never been married and have never lived together. It is also undisputed that there has never been an adjudication of custody. What we are called upon to decide is who had legal custody of Kenyarda prior to his death.
There is a strong presumption in Alabama, which has not been modified or abolished either judicially or legislatively, that the mother of a child born out of wedlock has a superior right of custody over all other persons, absent good cause that custody should not be vested in her. Lewis v. Crowell, 210 Ala. 199,97 So. 691 (1923); Jackson v. Farmer, 247 Ala. 298,24 So.2d 130 (1945); Griggs v. Barnes, 262 Ala. 357, 78 So.2d 910
(1955). See, also, Annot., "Right of Putative Father to Custody of Illegitimate Child," 45 A.L.R.3d 216 (1972).
Vinson was incarcerated in December 1981 and remained in prison all but 18 *Page 1228 
months of Kenyarda's life. The record discloses that Kenyarda spent a majority of his time either with Rainer and her mother or with Vinson's mother. Rainer received Aid to Dependent Children benefits on Kenyarda's behalf and attended to his medical needs via Medicaid. Finally, she, along with her mother and Vinson's mother, saw to Kenyarda's food and clothing needs. While Vinson occasionally contributed small sums to support Kenyarda, he was not principally responsible for the child's welfare, financially or otherwise. In fact, Rainer made the financial provisions for Kenyarda's funeral.
Vinson acknowledged paternity of Kenyarda on February 12, 1982, in an action filed with the District Court of Montgomery County, Alabama, and he argues that that acknowledgment of paternity, coupled with Ala. Code 1975, § 26-17-3,[3] evidences that he had equal legal custody with Rainer of Kenyarda. We disagree.
The acknowledgment of paternity, standing alone, does not establish that Vinson had equal custody with Rainer, nor does it override the presumption of custody in favor of Rainer. Moreover, while § 26-17-3 does speak to parentage (it is a provision of the Alabama Uniform Parentage Act, Code 1975, §§26-17-1 through 26-17-22), it is not dispositive of the question of custody in this case.
Vinson argues that there is no preference or presumption concerning custody of minor children, whether born in or out of wedlock, and relies mainly on Cochran v. Lowe, 532 So.2d 1265
(Ala.Civ.App. 1988), and Hood v. Wilson, 496 So.2d 76
(Ala.Civ.App. 1986). In Cochran v. Lowe, the Court of Civil Appeals held that the trial court did not abuse its discretion in awarding custody to the natural father of a child born to the mother while she was married to another man. The mother's psychiatric problems mandated awarding custody to the natural father, who was already adequately providing for the child's needs. But see Ex parte Presse, 554 So.2d 406 (Ala. 1989).
The court in Cochran relied on Ex parte Couch, 521 So.2d 987
(Ala. 1988), in stating that "[i]t must be recognized that neither parent is given the legal presumption of a primary right to the custody of a minor child, regardless of the age of the child." 532 So.2d at 1266. The Couch case dealt with an award of custody in a divorce proceeding and it did not modify or abolish the common law presumption regarding custody in the illegitimacy context. Thus, Cochran extended the holding inCouch beyond the facts of that case, so that Cochran is distinguished from the present case.
In Hood v. Wilson, 496 So.2d 76 (Ala.Civ.App. 1986), the parents of a nine-year-old boy had never been married and there had never been a custody determination. The father, however, had a steady job, had legitimated the child, and had married. The mother, on the other hand, had no job and did not have as desirable an environment in which to raise the child. Hood v.Wilson is, thus, consistent with the common law rule in that it took into consideration the best interests of the child, based on the particular facts of that case, in awarding the father custody. In other words, good cause was shown why the mother should not have custody.
We see no good cause in this case to ignore the presumption that favors Rainer as Kenyarda's custodian. We hold, therefore, that the trial court erred in dismissing Rainer's cause of action; the judgment of dismissal is reversed. This cause is remanded and we direct the trial court, instead, to enter a judgment dismissing Vinson's suit.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ADAMS and HOUSTON, JJ., concur.
[1] Defendant Alvin Feldman does business as Oakhurst Apartments and as Alvin Feldman Swimming Pool Company.
[2] That order further stated that all claims brought by Rainer as against Feldman were adjudicated and made final pursuant to Rule 54(b), A.R.Civ.P. This Court has stayed proceedings on Vinson's claim pending a resolution of the issue of which parent has the right to prosecute the action.
[3] "The parent and child relationship shall extend equally to every child and to every parent, regardless of the marital status of the parents." *Page 1229