CRAWLEY, Judge.
In February 1996, E.E.B. filed a petition against D.D. (the mother) to establish that he was the father of R.D. (the daughter). In October 1996, shortly after the birth of Z.D. (the son), E.E.B. filed a petition to establish that he was the father. E.E.B. ultimately requested custody of both children. The mother stipulated to E.E.B.’s paternity and filed a cross-petition seeking custody, child support, and payment for certain medical expenses. Following the presentation of ore tenus evidence, the trial court found E.E.B. to be the father of the two children; it awarded custody of the daughter to the mother and awarded custody of the son to E.E.B. The mother appeals, arguing that the trial court erred by awarding custody of the son to E.E.B.
The mother argues that as between her and E.E.B. she has a superior right to custody of the son because the child was born out of wedlock. The mother cites the following language from Ex parte D.J., 645 So.2d 303, 307 (Ala.1994), to support her argument:
“ ‘There is a strong presumption in. Alabama, which has not been modified or abolished either judicially or legislatively, that the mother of a child bom out of wedlock has a superior right of custody ovér all other persons, absent good cause that custody should not be vested in her.’ Rainer v. Feldman, 568 So.2d 1226, 1227 (Ala.1990); see also Barnett v. Harvel, 257 Ala. 600, 602, 60 So.2d 435, 437 (1952) (‘with respect to [a child] bom out of wedlock the mother’s prima facie right is regarded as paramount’); Jackson v. Farmer, 247 Ala. 298, 300, 24 So.2d 130, 132 (1945) (as to ‘a child bom but of wedlock, the mother has prima facie the superior right of custody’); Garrett v. Mahaley, 199 Ala. 606, 608, 75 So. 10, 11 (1917) (‘putative father is entitled to the [illegitimate child’s] custody as against any person but the mother’).”
 We agree with the mother, in accordance with the above case law, that she would have a superior right to custody of the son if he were illegitimatehowever, the trial court legitimated the son upon motion by E.E.B. Ex parte D.J. does not stand for the proposition that a mother has a presumptive right to custody even after the child is legitimated. The correct standard to apply in such a case, where there has been no prior custody adjudication between a mother and a man recently adjudicated to be the father, is the “best interests” standard. C.L.C. v. J.D.A., 690 So.2d 365 (Ala.Civ.App.1996). To determine what custody arrangement is in the best interests of the child, the trial court considers several factors, including the age and needs of the children, and each parent’s ability to provide for those needs. Brown v. Brown, 602 So.2d 429 (Ala.Civ.App.1992).
Shortly after the son’s birth, the mother relinquished custody of the son to a foster child agency for eventual adoption. The mother testified that she did so because *249 she had no means to support the child in addition to her two older children (one by E.E.B. and another by another man). The mother testified that E.E.B. has not provided financial assistance for the children and that his failure to provide assistance left her no choice but to place the son in foster care. E.E.B. has recently married, and he and his wife live in a three-bedroom home in the town where he is employed. The mother has been unemployed for several months. E.E.B. presented evidence indicating that the mother is mentally unstable. We conclude that the trial court resolved the conflicting evidence and that it did not abuse its discretion by awarding E.E.B. custody of the son.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.