THOMPSON, Judge.
H.M. (the “mother”) and B.E.B. (the “father”) have one child who was born December 7, 1993; the parties have never married. In June 1998, the father signed documents acknowledging paternity of the child. At that time, the child’s birth certificate was amended to reflect that B.E.B. is the child’s natural father.
On June 26, 2000, the mother filed a petition seeking an adjudication of the father’s paternity and an award of child support. The father answered; he also petitioned for custody of the child. After receiving ore tenus evidence, the trial court entered a judgment, which, among other things, awarded custody of the child to the mother and ordered the father to pay child support. The father filed a post-judgment motion; the trial court denied that motion. The father appealed.
In its judgment, the trial court made specific factual findings; it determined that the mother was not unfit and that custody of the child should not be transferred to the father for that reason. On appeal, the father argues that the trial court applied the wrong standard in making its custody determination. We agree.
The record does not contain the documentation concerning the father’s legitimation of the child. However, it is undisputed that in July 1998 the father “signed documents” that legally established his paternity of the child. As a result of the father’s acknowledging his paternity of the child, the parties obtained a new birth certificate for the child. The father was listed as the natural father of the child on that new birth certificate. The parties also changed the child’s last name to that of the father on the new birth certificate.
A new or amended birth certifícate may be obtained for a - child where the father has complied with the “legitimation procedure” set forth either in § 26-11-2, Ala.Code 1975, or in § 26-17-6, Ala.Code 1975. § 22-9A-12(a)(2), Ala.Code 1975. Thus, because the parties obtained a new birth certificate for the child, we must conclude that the father properly complied with the legitimation procedures set forth in § 26-11-2 or § 26-17-6. Therefore, we must also conclude that the father legitimated the child.
Generally, where a child is born out of wedlock, the mother, as long as she is not unfit, has a superior right to custody of the child. D.D. v. E.E.B., 707 So.2d 247 (Ala.Civ.App.1997); Danford v. Dupree, 272 Ala. 517, 132 So.2d 734 (1961).
“ ‘ “There is a strong presumption in Alabama, which has not been modified or abolished either judicially or legislatively, that the mother of a child born out of wedlock has a superior right of custody over all other persons, absent good cause that custody should not be vested in her.” Rainer v. Feldman, 568 So.2d 1226, 1227 (Ala.1990); see also Barnett v. Harvel, 257 Ala. 600, 602, 60 So.2d 435, 437 (1952) (“with respect to [a child] born out of wedlock the mother’s prima facie right is regarded as paramount”); Jackson v. Farmer, 247 Ala. 298, 300, 24 So.2d 130, 132 (1945) (as to “a child born out of wedlock, the mother has prima facie the superior right of custody”); Garrett v. Mahaley, 199 Ala. 606, 608, 75 So. 10, 11 (1917) (“putative *431 father is entitled to the [illegitimate child’s] custody as against any person but the mother”).’ ”
D.D. v. E.E.B., 707 So.2d at 248 (quoting Ex parte D.J., 645 So.2d 303, 307 (Ala.1994)).
A father’s mere acknowledgement of paternity, alone, does. not nullify the presumption in favor of awarding custody of a child born out of wedlock to his or her mother. Rainer v. Feldman, 568 So.2d 1226, 1228 (Ala.1990). However, where the child has been legitimated, the presumption in favor of the mother does not arise, and the correct standard to apply in an initial award of custody as between the parents in such a situation is the “best interests of the child” standard. D.D. v. E.E.B., supra. See also Ex parte Couch, 521 So.2d 987 (Ala.1988) (the.“best interests of the child” standard applies in an action to determine an initial ' custody award as between two parents).
The trial court’s judgment indicates that the court afforded a presumption in favor of the mother in reaching its custody determination. In this case, however, the father had legitimated the child. Therefore, the presumption that, absent a finding of unfitness, the mother should be awarded custody of the child born out of wedlock did not apply in this custody determination. See D.D. v. E.E.B., supra. For that reason, we must remand this case for the trial court to determine custody bjr applying the “best interests of the child” standard to the facts of this case.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs specially.