BRYAN, Judge.
 

 Shannon Whitehurst Holt (“the mother”) appeals from a judgment of the Houston Circuit Court prohibiting her from changing the principal residence of the parties’ minor son (“the son”).
 

 The mother and Ronald A. Whitehurst (“the father”) were divorced by an order of the Houston Circuit Court (“the trial court”) in August 2004. The son was the only child born of the marriage. The divorce judgment awarded joint custody of the son to the parties, but it awarded the mother “primary physical custody” of the son subject to the father’s visitation rights.
 

 Apparently, in 2006, the mother sought to relocate to Oklahoma with the son, but she was prohibited from doing so by the trial court. In May 2008, the mother married a man that lives and works in Oklahoma. The mother and her husband have a child together, and that child lives with the mother and the son in Houston Coun
 
 *798
 
 ty. The mother’s husband has no intention of moving to Houston County.
 

 The mother sent notice to the father, pursuant to § 30-3-163, Ala.Code 1975, of her intention to relocate to Oklahoma with the son. On July 10, 2008, the father filed a “Complaint for Custody” seeking custody of the son, alleging that “there has been a material change in circumstances” because the mother planned to relocate with the son to Oklahoma.
 

 The trial court held an ore tenus hearing on October 2, 2008. The father, as the plaintiff, called his witnesses first; those witnesses were the mother and the father. The trial judge who presided over the hearing questioned the son as a witness without the mother or the father being present in the courtroom.
 

 After the son testified, the father rested his case and orally moved the trial court for a “directed verdict” (in actuality, he moved for a judgment on partial findings, pursuant to Rule 52(c), Ala. R. Civ. P.).
 
 [1]
 
 Counsel for the mother objected to the father’s motion because the mother had not had the opportunity to call any of her witnesses. The trial court granted the motion because, in the opinion of the trial court, the mother had not offered any testimony to show that circumstances were any different than they were in 2006 when the mother first attempted to relocate to Oklahoma with the son.
 
 [2]
 

 The trial court entered a written order on October 9, 2008, which stated in pertinent part:
 

 “The Court heard this matter on the same issues in June 2006 holding that [the motherj’s move to Oklahoma would constitute a material change of circumstances which would give rise to a change of custody.
 

 [[Image here]]
 

 “Generally, it appears that nothing has changed except that [the mother]’s situation is more pronounced in that she has remarried and her current husband lives and works in Oklahoma. Although the Court is concerned about [the moth-erj’s new marriage being conducted in a separated manner between the two states, the Court cannot hold [the moth-erj’s choices against [the father] and therefore republishes its June 4, 2006 and July 11, 2006 Orders.
 

 “As previously ordered if [the mother] moves from the Houston County, Alabama area custody is immediately changed from the [mother] to the [father] of the [son][sic] parties reversing their obligations and responsibilities under the prior Divorce Agreement and Decree.”
 

 The mother timely appealed to this court. On appeal the mother argues that the trial court erred in granting the father’s Rule 52(c) motion because she was not given the opportunity to call witnesses on her behalf so that she could meet her burden under the Alabama Parent-Child Relationship Protection Act (“the Act”), § 30-3-160 et seq., Ala Code 1975. Further, the mother argues that the trial court applied the incorrect standard of law because, she says, she was required to prove a “material change of circumstances” in order to change the principal residence of the son. Finally, she argues that the trial court exceeded its discretion by refusing to
 
 *799
 
 permit her to relocate to Oklahoma without modifying the custody of the son.
 

 We note that appellate courts have limited power in reviewing a judgment of a trial court after the trial court hears evidence ore tenus.
 
 Scholl v. Parsons,
 
 655 So.2d 1060 (Ala.Civ.App.1995). “However, where the question presented on appeal is whether the trial court correctly applied the law, the ore tenus rule has no application.”
 
 Clements v. Clements,
 
 906 So.2d 952, 957 (Ala.Civ.App.2005) (citing
 
 Ex parte Perkins,
 
 646 So.2d 46 (Ala.1994)). In such circumstances, we review the judgment of the trial court de novo.
 
 Bishop v. Knight,
 
 949 So.2d 160, 166 (Ala.Civ.App.2006).
 

 We agree with the mother that the trial court erred in granting the father’s Rule 52(c) motion, and, therefore, the judgment of the trial court is due to be reversed and the cause remanded for a new trial.
 

 Rule 52(c) states, in pertinent part:
 

 “If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue .... ”
 

 Pursuant to the plain language of Rule 52(c), the trial court could not have entered judgment against the mother until she was fully heard on the issue in question. Under the Act, the burden of proof is on the mother, as the relocating parent, as stated in § 30-3-169.4, Ala.Code 1975:
 

 “[Tjhere shall be a rebuttable presumption that a change of principal residence of a child is not in the best interest of the child. The party seeking a change of principal residence of a child shall have the initial burden of proof on the issue. If that burden of proof is met, the burden of proof shifts to the non-relocating party.”
 

 The record reveals that, at the final hearing in this matter, the mother was not given an opportunity to present witnesses on her behalf. The trial court was required to allow the mother an opportunity to be fully heard in her effort to overcome her burden; to deny the mother that opportunity is reversible error.
 

 Therefore, on remand, to meet her burden of proof, the mother must introduce evidence to show that changing the son’s principal residence to Oklahoma would in fact be in his best interest. If the mother meets her burden under § 30-3-169.4, and is thus able to satisfy the trial court that changing the principal residence of the son would be in the best interest of the son, the burden then shifts to the father to show that changing the principal residence of the son is not in the son’s best interest.
 
 See Nichols v. Nichols,
 
 4 So.3d 491 (Ala.Civ.App.2008).
 

 Because the trial court erred in granting the father’s Rule 52(c), Ala. R. Civ. P., motion, the judgment of the trial court is due to be reversed and the case remanded for a new trial. In so holding, we do not make any judgment regarding the merits of this case, and we pretermit discussion of the mother’s remaining issues on appeal.
 

 The father’s request for an attorney’s fee on appeal is denied.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 .
 
 See Ragsdale v. Ragsdale,
 
 991 So.2d 770, 771 n. 1 (Ala.Civ.App.2008); and
 
 Patterson v. Liz Claiborne, Inc.,
 
 872 So.2d 181 (Ala.Civ.App.2003) (Pittman, J., concurring specially).
 

 [2]
 

 . There is an order dated October 2, 2008, in the record that states: “The June 4, 2006 and July 11, 2006 Orders are reaffirmed and republished.” The June 4, 2006, order and the July 11, 2006, order are not in the record on appeal.