MOORE, Judge.
Sarah Strickland (“the mother”) appeals from a judgment of the Geneva Circuit Court (“the trial court”) entered on October 3, 2014, awarding sole physical custody of the parties’ minor child, A.M. (“the child”), to Samuel L. McClendon (“the father”). We affirm the judgment.
The mother and the father, who have never married, engaged in sexual relations at some point in 2006. The mother became pregnant and informed the father that she was uncertain of the paternity of the child. The child was born on May 31, 2007. About a month after the birth of the child, the mother, who had by that time married another man and had listed that man as the father of the child on the child’s birth certificate, left a message on the father’s telephone-answering machine informing him of his paternity of the child. The mother also instructed the father in the message to leave her family alone; the father complied with that request and did not attempt to contact the mother or the child for the next five years. The mother later divorced her husband in 2011. In the fall of 2012, the mother contacted the father in order to introduce him to the child, and the father subsequently started visiting with the child. After testing revealed a 99.999999% probability that the father had fathered the child, the father voluntarily started paying the mother child support, and the mother and the father legitimated the child on April 1, 2013, through legitimation proceedings in the Houston Probate Court. A month later, the mother decided to move to Georgia in order to extricate herself from an abusive relationship and to find stable employment and housing. The mother approached the father about taking custody of the child, and the father agreed. Approximately 14 months later, after the mother had obtained stable employment and housing, the mother requested that the child be returned to her custody. The father refused that request.
On July 28, 2014, the father filed a petition in the trial court seeking custody of the child. The trial court awarded the father emergency custody on that same date. The mother moved to dismiss the father’s custody petition based on the trial court’s lack of jurisdiction; she also moved to set aside the award of emergency custody. The mother attached to her motion a February 8, 2011, judgment of the Dale Juvenile Court (“the juvenile court”), which, she asserted, had awarded the mother custody of the child in a dependency proceeding initiated by Beth Robley McCormick, the mother’s aunt. The trial *742 court denied the mother’s motion to dismiss. ' ...
The trial court conducted a trial on October 2, 2014, and, on October 3, 2014, it entered a" judgment that,- among other things, awarded the father-sole physical custody of the child. After- considering a postjudgment motion filed by the mother, the trial court amended its judgment to clarify that it had based its physical-custody determination on the best interests of the child. The mother filed a timely notice of appeal. •
The mother argues four, issues on appeal: - (1) whether the trial court erred in awarding emergency custody of the child to the father, (2) -whether the trial court erred in applying the “best-interest”, standard in determining custody of the. child, (3) whether the trial court erred in denying the mother’s motion to dismiss before trial, and (4) whether the trial court erred in denying the mother’s motion for a judgment on partial findings during tfye. trial. We consider those issues out of turn.

Emergency Custody

The mother first argues that the trial court erred in awarding the father emergency custody of the child. A circuit court may, in the event of an emergency endangering the actual health or physical well-being of a child, enter an ex parte custody order for the protection of a child until a final determination of custody can be made. See Thorne v. Thorne, 344 So.2d 165, 171 (Ala.Civ.App.1977). Because an emergency custody order is intended to address exigent circumstances that may abate, such an order is considered under Alabama law to be-interlocutory in nature pending a later final determination as to custody based on evidence adduced, at a trial by the competing parties, i.e., a pen-dente lite order.. See Ex parte Couey, 110 So.3d 378, 379 (Ala.Civ.App.2012) (describing emergency custody as “pendente lite custody”). A pendente lite custody order is not a 'final order that will support an appeal, Trevino v. Blinn, 897 So.2d 358, 361 (Ala.Civ.App.2004). Because of the interlocutory nature of awards of emergency custody, this court has consistently reviewed awards of emergency'custody by way of a petition for a writ of mandamus. See, e.g., Ex parte Couey, supra; Ex parte Norlander, 90 So.3d 183 (Ala.Civ.App. 2012); Ex parte Franks, 7 So.3d 391 (Ala. Civ.App.2008); and Ex parte Russell, 911 So.2d 719 (Ala.Civ.App.2005).. The mother did not seek mandamus review of the trial court’s award of emergency custody to the father, and that interlocutory custody award is not reviewable on appeal.

Motion to Dismiss

The mother also argues that the trial court erred in denying her motion to dismiss the father’s custody petition. *743 Lyons v. River Road Constr., Inc., 858 So.2d 257, 260 (Ala.2003).
*742 “The appropriate standard of. review of a trial court’s denial of a motion to dismiss is whether ‘when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief.’ Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993); Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985). This Court does not consider whether the plaintiff will ultimately prevail, but only whether the ■ plaintiff may possibly . prevail.. Nance, 622 So.2d at 299. A ‘dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’ Nance, 622 So.2d at 299; Garrett v. Hadden, 495 So.2d. 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
*743 In his petition, the father alleged that he had exercised de facto custody of the child since May 2013; that he had provided the child a stable, comfortable residence; that he had enrolled the child in therapy to deal with issues arising from events that had occurred while she was living with the mother; that he desired full.custody of the child for the best interests of. the child; and that he was a fit and proper person for custody. The father attached to his petition a handwritten statement in which he further asserted that the child had indicated to him that she wanted to remain living with the father, who resides in Black, Alabama, and that the mother wanted the child to relocate to the mother’s home in Perry, Georgia. Finally, the father appended to the petition a statement from the child’s therapist setting out the child’s statements that the child feared she would have to move in with- the mother. Those allegations clearly set out a dispute over the custody of a child, which would trigger the equitable jurisdiction of the trial court. See Long v. O’Mary, 270 Ala. 99, 101, 116 So.2d 563, 565 (1959).
The mother complains that the father did not allege that he was seeking a modification of the custody of the child based on a material change of circumstances or that a change of custody would so materially promote the best interests of the child that the positive good brought about from a change of custody would more than offset the disruptive effects caused by uprooting the child. See Ex parte McLendon, 455 So.2d 863 (Ala.1984) (setting forth general physical-custody-modification standard). The mother did not raise that argument in her motion to dismiss, asserting only that the petition should be dismissed due to a lack of jurisdiction by the trial court. Hence, we do not consider that issue on appeal. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). Moreover, we note that “in proceedings involving the custody and welfare of children, mere legal niceties are not favored in proceedings or pleadings, and the court is not bound by any strict rules of pleadings or procedure.” Tucker v. Tucker, 280 Ala. 608, 611, 196 So.2d 724, 726 (1967).
Motion for Judgment on Partial Findings and Use' of “Bestr-Interests” Standard-
After the father rested his case, the mother moved for a “directed verdict,” arguing that the father had failed to meet the custody-modification standard enunciated in Ex parte McLendon, supra. Because the case was tried before, a judge, the motion was actually a motion for a judgment on partial findings pursuant to Rule 52(c), Ala. R. Civ. P. See Holt v. Whitehurst, 28 So.3d 797, 798 n. 1 (Ala.Civ. App.2009). The trial court denied that motion. At the close of all the evidence, the mother renewed her motion, and it was again denied by the trial court. The trial court subsequently entered its judgment awarding the father sole physical custody of the child, subject to the mother’s right to visitation. The mother filed a post-judgment motion under Rule 59, Ala. R. Civ. P., arguing that the trial court had failed to specify the legal standard it had employed to resolve the custody dispute and again asserting that the father had failed to meet the McLendon standard. The trial court responded by amending its judgment to clarify that it had 'decided the .custody, of the child based on the child’s best interests, thereby impliedly ruling that the McLendon standard did not apply to the case.
The mother argues that the McLendon custody-modification standard *744 applies because, she says, on February 28, 2011, the juvenile court entered a judgment awarding the mother custody of the child in a dependency proceeding initiated by the mother’s aunt, Beth Robley McCormick.[1] The mother maintains that, under T.D.I. v. A.P., 153 So.3d 807 (Ala.Civ.App. 2013),. once a juvenile court adjudicates a child- dependent and places that child in the custody of a proper caregiver, any further change of custody is governed by the McLendon standard. However, the juvenile court’s order states: “This cause is before the court on the Petition for Custody filed by the petitioner” (emphasis added), not on a dependency petition. The order does not contain any adjudication of dependency or reference any earlier adjudication of dependency.[2] Moreover, the order does not actually settle ally custody dispute between the maternal aunt and the mother. The order vacates an earlier award of pendente lite custody of the child and her half brothers to the maternal aunt and “returns” custody of those children to the mother. The order states further:
“The court hereby reserves jurisdiction of this action for a period of six months and during that time the petitioner, Beth Robley McCormick shall be allowed to visit with the minor children one weekend per month. If the parties cannot agree on which weekend such visitation shall take place, the visitation shall be on the third weekend of each month. The third weekend is defined as the weekend which contains the third Friday of the month. At the end of the six month period the Petition for Custody shall be dismissed.”
Although the mother testified that the juvenile court’s order awarded her custody of the child, the order actually expressly states only an intention to dismiss the maternal aunt’s “Petition for Custody” in six months. As such, the order is interlocutory in nature and not a final judgment that would trigger the application of the McLendon standard in subsequent custody proceedings. See Sims v. Sims, 515 So.2d 1, 3 (Ala.Civ.App.1987) (holding that pen-dente lite orders “do not activate the McLendon rule”).
In D.D. v. E.E.B, 707 So.2d 247, 248 (Ala.Civ.App.1997), this court held that “[t]he correct standard to apply in such a case, where there has been no prior custody adjudication between a mother and a man recently adjudicated to be the father, is the ‘best interests’ standard.” (Emphasis added.) Similarly, in B.E.B. v. H.M., 822 So.2d 429, 431 (Ala.Civ.App.2001), this court held that, “where the child has been legitimated, the presumption in favor of the mother does not arise, and the correct standard to apply in an initial award of custody as between the parents in such a situation is the ‘best interests of the child’ standard.” (Emphasis added.).[3] Those cases establish the general rule that an initial custody dispute between a mother and a father of a newly legitimated child shall be decided by what is in the child’s best interests. Neither of those cases ad *745 dressed the question whether the McLen-don standard would apply in the event a prior custody determination awarding the mother custody of the child existed. Because the juvenile-court order upon which the mother relies does not constitute a final custody determination, we also do not address that issue in this case. We hold only that the trial court did not commit any error by failing to apply the McLen-don standard.
Finally, the mother argues that the father voluntarily relinquished his custody rights to the child by abandoning the child from the time of the child’s birth on May 31, 2007, until the fall of 2012 and that it would violate the public policy of this state to award custody to a biological father who had abandoned his child.
“Our research indicates that the term ‘public policy5 of a State is nothing more or less than the law of the State, as found in its constitution and statutes and when they have not directly spoken, then in the decisions of the courts and in the regular practice of government officials. Perry v. U.S. School Furniture Co., 232 Ill. 101, 83 N.E. 444 [ (1907) ]. ‘Public Policy' is not determined by the varying opinions of laymen, lawyers or judges as to the demands or interests of the public. Groome v. Freyn Engineering Co., 374 Ill. 113, 28 N.E.2d 274, 279 [ (1940) ]; Nic[h]olson v. Good Samaritan Hospital, 145 Fla. 360, 199 So. 344, 347 [ (1940) ].”
Higgins v. Nationwide Mut. Ins. Co., 50 Ala.App. 691, 693-94, 282 So.2d 295, 298 (Ala.Civ.App.1973). The mother has not cited any statute, caselaw, or other legal authority that would prohibit a court from awarding custody of a newly legitimated child to a father who had previously abandoned the child. It is well settled that “[t]his court will address only those issues properly presented and for which supporting authority has been cited.” Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ. App.1996). “Rule 28(a)(10)[, Ala. R.App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.” White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008).
Accordingly, we affirm the trial court’s judgment awarding custody of the child to the father.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The mother does not argue that a court awarded her custody of the child in her divorce proceeding or that the probate proceedings resulting in legitimation of the child vested her with custody of the child, so we do not consider the judgments entered in those proceedings.

. We note that a juvenile court has an imperative duty to dismiss a dependency petition upon concluding that a child is not dependent. See K.C.G. v. S.J.R., 46 So.3d 499, 501-02 (Ala.Civ.App.2010). In'an action involving the alleged dependency of a child, a juvenile court cannot issue any orders affecting the custody of a child if the child is not found dependent. Id.

.The mother has -.not asked this court to overrule D.D. v. E.E.B. or B.E.B. v. H.M.