This appeal challenges the trial court's order denying the motion of the deceased minor's mother for substitution as plaintiff. The defendant (appellee) contends that the mother of the deceased minor failed to meet the statutory requirement for substitution as the proper party plaintiff in this cause and, consequently, that the trial court did not err in denying her motion for substitution. Citing Code 1975, § 6-5-391, and Mattingly v. Cummings,392 So.2d 531 (Ala. 1980), the appellee insists that the trial court properly dismissed the case for failure of the father to appear for a deposition and for his failure to diligently prosecute the claim for the wrongful death of his daughter. We reverse and remand.
We hold that the trial court, in denying substitution and dismissing the case, misconstrued the phrase "or the mother in cases mentioned in section 6-5-390." Section 6-5-390 was amended in 1979 (Ala. Acts 1979, No. 79-443, p. 725) to permit "a father or a mother . . . an equal right to commence an action." It follows, then, that the unamended language in § 6-5-391, referencing "cases mentioned in section6-5-390," recognizes the equal right of the mother to commence the wrongful death action. Therefore, where, as here, the father, as the originally named plaintiff, does not object to the substitution of the mother as the plaintiff,[1] the trial court erred in denying her motion and in dismissing the case.
REVERSED AND REMANDED.
MADDOX, SHORES, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., concurs in the result.
BEATTY, J., concurs specially.
HOUSTON, J., dissents.
[1] Indeed, the father, as the appellant, seeks to reverse the trial court's denial of the mother's motion for substitution.