Donnie W. Lee appeals from the circuit court's ex mero motu dismissal of his complaint. We reverse and remand.
Donnie W. Lee filed his complaint on February 23, 1988, alleging that his minor daughter by a previous marriage had been wrongfully killed by his current wife, defendant Cynthia Renee Todd Lee. On May 2, 1988, the circuit court issued the following order:
 "It appearing to the court that the plaintiff is not the administrator of the estate of the decedent, the court dismissed the action on its own motion. Costs taxed to the plaintiff."
Donnie's complaint contained three counts, the first of which was for the wrongful death of his minor daughter. The other two counts were personal to Donnie and should have been in no way affected by the reasoning employed to dismiss first count of the complaint. Because the dismissal order could properly pertain only to the wrongful death count, we confine our analysis to that count.
Section 6-5-391, Code of 1975, governs a cause of action for the wrongful death of a minor. That section provides:
 "When the death of a minor child is caused by the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, the father, or the mother in cases mentioned in section 6-5-390, or, if the father and mother are both dead or if they decline to commence the action, or fail to do so, within six months from the death of the minor, the personal representative of such minor may commence an action, and in any case shall recover such damages as the jury may assess; provided, that an action by any one of them for the wrongful death of the minor shall be a bar to another action either under this section or under section 6-5-410."
(Emphasis added.) As that section makes clear, the cause of action for a minor's wrongful death belongs to either parent; if one declines or is unable to commence the action, the other parent or, in some cases, the minor's personal representative, may bring the action. See Coleman v.Stitt, 514 So.2d 1007 (Ala. 1987), majority and concurring opinions. In any event, there is no requirement that the parent sue in the capacity of administrator of the decedent's estate. In Guthrie v. Hartselle MedicalCenter, Inc., 477 So.2d 377 (Ala. 1985), a father who sued for his minor daughter's wrongful death captioned his complaint "Andrew J. Guthrie, as the personal representative and administrator of the Estate of Crystal Guthrie, Plaintiffs." The trial court granted summary judgment on the ground that Guthrie was not appointed personal representative until after the statutory limitations period had expired. We reversed and distinguished Strickland v. Mobile Towing Wrecking Co., 293 Ala. 348, 303 So.2d 98 (1974), andDowntown Nursing Home, Inc. v. Pool, 375 So.2d 465
(Ala. 1979), cert. denied, 445 U.S. 930,100 S.Ct. 1318, 63 L.Ed.2d 763 (1980), each of which was brought under Code 1975, § 6-5-410:
 "We find this case distinguishable because suit was brought under Code 1975, § 6-5-391, which provides that the father, or, in certain cases, the mother, or the personal representative after six months, is the proper party plaintiff in an action for the wrongful death of a minor child.
 "Andrew Guthrie is and was at all times the proper person to bring suit for the wrongful death of his minor daughter. The fact that he brought suit in the wrong capacity, i.e., purported personal representative, does not render the suit a nullity, because this defect is amendable. The face of the complaint shows that he is the proper person to bring the suit.
". . .
 "In this case the father of the deceased minor child was the proper party, with capacity to bring suit, and he had the capacity to do so at the time the suit was filed. In Strickland and Downtown Nursing Home, Inc., there was no party *Page 147 
with capacity to bring suit before the time limitation expired."
Guthrie, 477 So.2d at 378.
We also note that ordinarily the trial court should not on its own motion dismiss a complaint due to a party's perceived lack of capacity. Generally speaking, a challenge to a party's capacity should be made only by his opponent. "When a party desires to raise an issue as to . . . the capacity of any party to sue . . ., he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Ala.R.Civ.P. 9(a). See also Dennis v. MagicCity Dodge, Inc., 524 So.2d 616 (Ala. 1988), majority and concurring opinions. No such challenge was made here. Even without regard to the propriety of the ex mero motu dismissal on capacity grounds in the ordinary case, the dismissal in this case on that ground was clearly improper, because the plaintiff had the capacity to sue.
Finally, Cynthia argues, for the first time, that, aside from questions of capacity to sue, the action is time-barred because over two years transpired between the daughter's death and the filing of the complaint. See Code 1975, §6-2-38(a) (Supp. 1988). This issue is not properly before us. A statute of limitations defense must be affirmatively pleaded, Ala.R.Civ.P. 8(c), and is waived if not so pleaded.McMahan v. Old Southern Life Ins. Co., 512 So.2d 94
(Ala. 1987).
The trial court erred in dismissing the complaint. The judgment is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.