This case presents two issues relating to the distribution of the proceeds of a recovery for the wrongful death of a minor:
 (1) Is a noncustodial parent entitled to receive one-half of the proceeds from a wrongful death action filed by the custodial parent?
 (2) Do the provisions of Ala. Code 1975, §§ 6-5-390 and -391, merely govern the procedure for filing an action based on the wrongful death of a minor, or do they also control the distribution of proceeds received from such an action, in light of Ala. Code 1975, § 43-8-42, which governs the distribution of an intestate's estate?
 FACTS
On July 28, 1980, Clayton Carter, Jr., and Mary Beaver were divorced. Pursuant to the judgment of divorce, Beaver was awarded custody of the couple's children. On February 11, 1987, Christopher Carter, their minor son, was killed in an automobile accident. As the custodial parent, Beaver filed a lawsuit in the Circuit Court of Marshall County, Alabama, seeking damages for the alleged wrongful death of Christopher. She received a settlement in the amount of $620,000.
At the time of Christopher's death, Carter had obligations for his support, maintenance, and education, as set forth in the divorce judgment. Those obligations, in addition to the payment of child support, included the payment of all medical and dental expenses incurred by, and for the benefit of, Christopher. Additionally, Carter had the obligation to maintain life insurance on his own life, naming the parties' minor children, including Christopher, as beneficiaries. Carter claims that he was current in all of his obligations, but Beaver says that the record does not support his claim in this regard.
On February 8, 1989, Carter filed a declaratory judgment action, asking the court to declare that any proceeds received by Beaver in the underlying wrongful death action must be distributed in accordance with the laws of descent and distribution as provided for in § 43-8-42. The trial court ruled that Beaver was entitled to all of the proceeds; Carter appeals.
 I
Carter's basic argument is that the legislature, when it amended § 6-5-390 in 1979, giving to a father and a mother, provided they are lawfully living together as husband and wife, an equal right to commence an action for the wrongful death of a minor, did not intend that the damages recovered in such an action be distributed only to the parent authorized to bring the action. Carter, in his brief, contends that the proceeds should be "shared equally between the parents" and that "the case law decided prior to 1979, relied upon by Beaver in her briefs supporting her motion for summary judgment, is inapplicable to this case because of the amendment to Section6-5-390."
 II
In order to determine what the legislature intended when it amended §§ 6-5-390 and -391 in 1979, we believe that a brief history of the statutes that authorize the *Page 450 
filing of a wrongful death action would be appropriate.
A significant amount of the history of the statutes is contained in Cofer v. Ensor, 473 So.2d 984 (Ala. 1985), a case involving a question of whether a one- or a two-year statute of limitations should apply, but we briefly restate some of the history of these statutes for the purpose of deciding the issues here presented.
There was no right of action at common law for the death of a child, and the right to recover damages therefor is purely statutory. Taylor v. City of Clanton, 245 Ala. 671,18 So.2d 369 (1944). The original act giving the parents a right of action for the wrongful death of a minor was enacted in 1872 and was codified in 1876.[1]
A code commissioner's note to Code 1907, § 2485, quoted inCofer, 473 So.2d at 989-90, sets out the history of what is now § 6-5-391; that history will not be repeated here, but a summary of it shows that when the original cause of action for wrongful death was legislatively created in 1852, it did notexclude wrongful death of minors, and, as was stated in Cofer, "the statute that gave the right of action for wrongful death of a minor directly to the parent (presently § 6-5-391) did notcreate a cause of action for wrongful death; it allowed theparents to sue for any child's wrongful death." This Court reasoned: "To conclude otherwise would be to hold that between 1852 and 1876 [sic, 1872] no cause of action existed in Alabama for the wrongful death of a minor."
Based on this history, therefore, prior to 1872, only the personal representative could maintain a cause of action for the death of a minor or of an adult, and when parents were given the right to sue for the wrongful death of a minor child, the legislature made no provision, as it had done in the original wrongful death act, for the distribution of the proceeds from any recovery had in such an action.
Alabama cases discussing the distribution of the proceeds of wrongful death actions based on the death of minor children decided under the unamended version of § 6-5-390 held that " '[w]hen a minor child is killed by the wrongful act of another, and he leaves surviving his father, the damages recoverable [under Title 7, § 119, Code of Alabama 1940, which is now §6-5-391] are for the benefit of the father, where the suit is by the father personally or by an administrator.' " Jones v.Jones, 355 So.2d 354, 355 (Ala. 1978), quoting Peoples v.Seamon, 249 Ala. 284, 287, 31 So.2d 88, 89 (1947). These cases, of course, were decided prior to the adoption of the 1979 amendment.
Sections 6-5-390 and -391 were amended in 1979 to eliminate the priority of right given to the father to bring an action for the personal injury (or wrongful death) of his minor child. Sections 6-5-390 and -391 now give "[a] father or a mother, . . . [who] are lawfully living together as husband and wife, . . . an equal right to commence an action for an injury to their minor child" or the wrongful death of such a child. These Code sections were also amended to provide that "in the event such mother and father are not lawfully living together as husband and wife, or in the event legal custody of such minor child had been lawfully vested in either of the parties or some third party, then and in either event the party having legal custody of such child shall have the exclusive right to commence such action." The second phrase of the statute is applicable here.
Carter contends that, although the custodial parent has the exclusive right to bring the wrongful death action, that parent does not have the exclusive right to the proceeds from that action. He argues that the proceeds should be distributed according to Alabama's general wrongful death statute, §6-5-410, which states that all proceeds are to be distributed according to the statute of distribution. If Carter's construction of legislative intent is correct, he would be entitled to receive one half of the proceeds awarded in the wrongful death action. If not, he would be entitled to *Page 451 
nothing, the custodial parent being entitled to the complete recovery made.
Before the 1979 amendment that allowed both a father and a mother to recover for the wrongful injury or death of a child, the courts looked to the common law to see who was to receive the benefits awarded in such an action. The common law recognized the obligation of the father touching the maintenance, education, and care of his family, and, in return, the right of the father to the services of the child. In recognition of the father's right to the services of his child, he was given the sole right to bring the wrongful death suit. Because the father had the exclusive right to bring suit, he also had the exclusive right to the proceeds. Mattingly v.Cummings, 392 So.2d 531 (Ala. 1980); Jones v. Jones,355 So.2d 354 (Ala. 1978); Thorne v. Odom, 349 So.2d 1126 (Ala. 1977);Peoples v. Seamon, 249 Ala. 284, 31 So.2d 88 (1947). Prior to the 1979 amendment, when the father was dead, had deserted the family, or had become insane or otherwise unable to perform his parental obligations, he lost the right of action, and a right of action then accrued to the mother. Ex parte Roberson,275 Ala. 374, 155 So.2d 330 (1963). But the mother had a right of action only when the father had lost his right to bring the action. When the mother accrued the right to bring suit, she also accrued the exclusive right to the proceeds from the action.
The 1979 amendment to § 6-5-391 allows a mother an equal right to bring an action for the wrongful death of her child. A mother no longer has to wait for the father to abandon his right to bring an action before she is allowed to bring suit. The cause of action now belongs to both parents, and if one declines or is unable to commence the action, the other parent may bring the action. Lee v. Lee, 535 So.2d 145 (Ala. 1988). However, the amendment also made it clear that, if the parents are not living together, the custodial parent has the exclusive right to bring the wrongful death action. Carter does not dispute that the custodial parent has the exclusive right to bring the action, but he still insists that the legislature intended that he should share in any recovery. He argues essentially that the provisions of § 6-5-410, as they apply to the distribution of wrongful death proceeds, should apply.
It has long been settled that if a deceased child leaves a parent in the exercise of parental care, a wrongful death action based on the child's death is controlled entirely by § 6-5-391, and § 6-5-410, the section providing for an action for the wrongful death of an adult, does not apply. Adkison v.Adkison, 46 Ala. App. 191, 239 So.2d 555, reversed on other grounds, 286 Ala. 306, 239 So.2d 562 (1970); Peoples v. Seamon,249 Ala. 284, 31 So.2d 88 (1947).
Carter cites Coleman v. Stitt, 514 So.2d 1007 (Ala. 1987), and especially the special concurrence of Mr. Justice Beatty in that case, in support of his argument. In Coleman, this Court recognized the fact that a father or a mother, but not both, could bring an action for the wrongful death of a child, and Mr. Justice Beatty, in his special concurrence, did state that "the father and the mother, however, now have an equal right to commence such an action, and, it follows, an equal right to any recovery of the proceeds." Coleman is distinguishable. There, both the father and the mother had a right to bring the action, because they were married and were living together. In this case, it is undisputed that the father and mother were divorced; therefore, the parent having the custody of the minor had the exclusive right to bring the action.
Based upon the history of § 6-5-391, the cases construing that section prior to the 1979 amendment, and the cases decided after the amendment was adopted, we conclude that the legislature, in giving the custodial parent the exclusive right to sue, intended that that party also have the exclusive right to any recovery, and we so hold. The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] For reasons not material here, the first act was found to be unconstitutional in Smith v. Louisville N. R.R., 75 Ala. 449
(1883). *Page 452