This case concerns the proper standard of review of a child custody award.
In September 1989, after an ore tenus proceeding, the trial court made the following determination concerning the custody of the minor children of the parties:
 "Temporary custody of the two minor children of the parties shall be awarded to the [father], subject to review of the matter by this court on January 19, 1990, at 9:00 a.m. It is the desire of the parties that the [mother] be awarded custody of the children if, at the time of review by the court, it is shown that she has received adequate treatment for her drug dependency and that the [mother] is otherwise a fit and capable parent."
Posttrial motions were filed by both parties, and the trial court entered a second order in January 1990, with the following provision concerning custody: "The custody of the minor children shall remain with the father, pending the mother furnishing to the court an up-to-date statement of her drug health."
The issue of custody was again before the trial court on April 2, 1990. However, the trial court found that the mother was not completely drug free of all habit forming drugs and held that custody should continue with the father until further review. *Page 1154 
The trial court set a date for a review of the matter at which time the mother's drug habit would be inquired into.
Another hearing concerning custody of the children was conducted in January 1991. At this time the mother introduced evidence that she was now drug free. After hearing all of the evidence, the trial court apparently concluded that the mother was indeed drug free and, therefore, awarded her custody of the children subject to reasonable rights of visitation of the father. The father appeals.
The father raises two arguments on appeal. However, the basis of both arguments is that the September 1989 order was a final order concerning custody. He contends that Ex parte McLendon,455 So.2d 863 (Ala. 1984), is controlling and, therefore, argues that the trial court's "modification of custody" was without support and was plainly and palpably wrong. With his basic premise, we disagree.
In Sims v. Sims, 515 So.2d 1 at 2 (Ala.Civ.App. 1987), this court set out in detail the difference between an award of temporary custody and a pendente lite order. We said that:
 "[T]emporary custody awards are generally intended to last until one of the parties petitions the court to modify the decree granting temporary custody. Pendente lite orders, on the other hand, are generally entered only during the pendency of the litigation, and are usually replaced by a final order or decree which is entered at the end of the litigation. Therefore, a pendente lite order, . . . clearly envisions a temporary disposition of custody pending a later final determination of the custody dispute." (Emphasis added.) (Citations omitted.)
Here, the trial court's order is clear that the trial court did not award the father final custody of the children. Rather, its temporary award of custody to the father was pending a final disposition of custody. In other words, its award of custody was simply a pendente lite order, i.e., a temporary disposition of custody pending the mother's furnishing the court with evidence that she was drug free. See Sims. The language of the trial court's order is clear that it was the "desire" of the parties that custody of the children would be awarded to the mother when she received adequate treatment for her drug dependency.
Clearly, the trial court did not issue a final judgment concerning custody until January 1991, when it awarded custody of the children to the mother. Therefore, as the January 1991, order was not a modification of custody, we find no merit in the father's argument on appeal. "[A]s a matter of law . . . pendente lite orders, unlike other temporary orders or decrees, do not activate the McLendon rule." Sims at 3.
In view of the above, this case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.