William Jordan sued Granny's Tender Loving Day Care and Carol Hamm, seeking damages under Ala. Code 1975, § 6-5-391, for the alleged wrongful death of his four-year-old son, Roberto, who drowned on a field trip while under the care and supervision of the day care center. The Honorable James H. Faulkner, a retired Justice of this Court serving as a judge of the Shelby County Circuit Court, later refused to allow Mr. Jordan's wife, Darlene Theresa Jordan, to join Mr. Jordan as a plaintiff in the action. The Jordans, who at all times relevant to this case have lawfully lived together as husband and wife, then filed this joint petition for a writ of mandamus directing the trial judge to allow Ms. Jordan to join in the action as a plaintiff. For the following reasons, the writ is denied insofar as the petition seeks relief on behalf of Mr. Jordan; however, the writ is granted insofar as the petition seeks relief on behalf of Ms. Jordan.
Initially, we point out that mandamus is a drastic and extraordinary writ to be issued only when there is 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court. Ex parte Adams,514 So.2d 845 (Ala. 1987).
Because we are asked to enforce a right that is allegedly vested by statute in Ms. Jordan to join in the wrongful death action filed by her husband, there is no basis upon which we can issue a writ in favor of Mr. Jordan. Mr. Jordan's status as a plaintiff in the action, and his ability to prosecute the action to completion, were in no way affected by the trial judge's ruling. Consequently, Mr. Jordan's request for mandamus relief is denied.
The dispositive issue in this case, which appears to be one of first impression in this state, is whether Ms. Jordan was entitled to join in the wrongful death action filed by her husband. Section 6-5-391, which allows for a cause of action for the wrongful death of a minor, reads as follows:
 "When the death of a minor child is caused by the wrongful act, omission, or negligence of any person, persons or corporation, his or their servants or agents, the father, or the mother in cases mentioned in section 6-5-390, or, if the father and mother are both dead or if they decline to commence the action, or fail to do so, within six months from the death of the minor, the personal representative of such minor may commence an action, and in any case shall recover such damages as the jury may assess; provided, that an action by any one of them for the wrongful death of the minor shall be a bar to another action either under this section or under section 6-5-410."
(Emphasis added.) Section 6-5-391 specifically incorporates by reference Ala. Code 1975, § 6-5-390, which deals with a cause of action for the injury of a minor:
 "A father or a mother, provided they are lawfully living together as husband and wife, shall have an equal right to commence an action for an injury to their minor child, a member of the family; provided, however, that in the event such mother and father are not lawfully living together as husband and wife, or in the event legal custody of such minor child has been lawfully vested in either of the parties or some third party, then and in either event the party having legal custody of such minor child shall have the exclusive right to commence such action."
(Emphasis added.) These statutes provide that when the father and the mother of a minor child are lawfully living together as husband and wife, they each have an equal right to file an action for the wrongful death of that child. See, also,Carter v. Beaver, 577 So.2d 448 (Ala. 1991); Rainer v. Feldman,568 So.2d 1226 (Ala. 1990); Lee v. Lee, 535 So.2d 145 (Ala. 1988); Coleman v. Stitt, 514 So.2d 1007 (Ala. 1987), including the concurring opinion of former Justice *Page 581 
Beatty. Although this Court has recognized that § 6-5-391 does not authorize the father and the mother to file separate actions for the wrongful death of their minor child, see Carterv. Beaver; Rainer v. Feldman, there is no logical reason to conclude that the legislature, under the facts presented here, intended to deprive one of the parents of a deceased minor child from joining the other parent in a single action for the wrongful death of that child. Therefore, with legislative intent as our guide, John Deere Co. v. Gamble, 523 So.2d 95
(Ala. 1988), we conclude that § 6-5-391 authorizes Ms. Jordan to join in the wrongful death action filed by her husband.
We note that in reaching this conclusion we have fully considered those cases relied on by the respondents (i.e.,Carter v. Beaver; Coleman v. Stitt), as well as the respondents' contention that the legislature's use of the disjunctive conjunction "or" between the words "father" and "mother" in §§ 6-5-390 and 6-5-391 indicates an intent that an action can only be commenced by one of the parents to the exclusion of the other. Suffice it to say that the cases relied on by the respondents did not address the specific issue presented in this case and that those cases are not inconsistent with our holding today. Furthermore, the legislature's use of the disjunctive conjunction "or," as opposed to the conjunctive conjunction "and," is not conclusive with respect to the legislature's intent. It is familiar law in the interpretation of statutes that the intent of the legislature is the polestar by which this Court must be guided and that this Court is at liberty in ascertaining the intent of the legislature to construe the disjunctive conjunction "or" and the conjunctive conjunction "and" interchangeably. In reOpinion of the Justices No. 93, 252 Ala. 194, 41 So.2d 559
(1949). The legislature clearly provided in § 6-5-390, which, as previously stated, was incorporated by reference into §6-5-391, that both the father and the mother, when lawfully living together as husband and wife, have the right to commence an action. To hold that the legislature intended that parents, like the Jordans, could not exercise their respective rights via a joint action for the wrongful death of their child, quite simply, would defy common sense.
WRIT DENIED AS TO WILLIAM JORDAN; WRIT GRANTED AS TO DARLENE THERESA JORDAN.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.