L. CHARLES WRIGHT, Retired Appellate Judge.
B.W.J. was born in 1983 to Y.J. (mother) and W.B.Z. (father). The parents never married. The child lived with his mother.
The mother died in 1991. In July 1991 the maternal grandmother, D.J., filed a petition in juvenile court, alleging that the child was in need of protective care. She requested that she be granted temporary custody of the child.
Subsequent to the mother’s death, the father filed a petition for legitimation of the child. The petition was granted in September 1991.
A hearing on the grandmother’s petition was held in November 1991. The trial court, affirming the decision of a referee, found the child to be dependent and awarded temporary custody to the grandmother. The case was set for further review in August 1992 to determine at that time “whether or not the child progressed in his relationship with the father ... such that it would be appropriate for the child to be placed in the home of the father.”
The review hearing was held in August 1992. The trial court, affirming the decision of the referee, found that it was in the “best interest” of the child for custody to remain with the grandmother. It determined “that a change in custody to the natural father would not materially promote the child’s welfare so as to overcome the inherently disruptive effect caused by uprooting the child.” The father filed a postjudgment motion, which was denied. The father appeals.
The father asserts that the trial court erred in its award of custody to the grandmother. He insists that the court failed to apply the correct standard in its custody determination.
*302 A natural parent has a prima facie right to custody of his or her child as against a nonparent. Ex parte Terry, 494 So.2d 628 (Ala.1986). Under the Terry standard, the presumption may be overcome only by proof that the natural parent “is guilty of misconduct or neglect to a degree rendering that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.” Terry.
In cases where the natural parent has voluntarily relinquished custody or the trial court has removed custody from the parent and awarded it to a nonparent by virtue of a prior decree, the presumption favoring the natural parent does not exist. Terry. In such instances, the parent may not regain custody without establishing that a change will materially promote the child’s welfare. Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
A review of the record establishes that the father never relinquished custody of the child to the grandmother, nor was custody removed from the father and awarded to the grandmother by a prior court decree. The November 1991 order was only a temporary disposition of custody pending a final determination. Wright v. Wright, 602 So.2d 421 (Ala.Civ.App.1992); J.F. v. A.G., 607 So.2d 234 (Ala.Civ.App.1991); Creel v. Creel, 582 So.2d 1153 (Ala.Civ.App.1991). Consequently, the father did not lose his prima facie right to custody. For the trial court to remove custody from the father, it must have determined that the father was unfit. Terry.
The trial court made no finding concerning the father’s “unfitness” to have custody, and there was no evidence presented suggesting that the father was unfit. The trial court utilized the incorrect standard in granting custody to the grandmother. Consequently, the judgment of the trial court is reversed and remanded for further proceedings, granting custody to the father, such custody to become effective at the end of the present school term.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
THIGPEN, J., concurs in part and dissents in part.