MADDOX, Justice.
This appeal presents two legal questions: (1) Does a noncustodial parent have standing to maintain an action for the alleged wrongful death of his minor child; and (2) If the noncustodial parent does have standing, and the death of the child is allegedly caused by the wanton conduct of the custodial parent, does the doctrine of parental immunity apply?
Based on our interpretation of the applicable statutes, we hold that a noncustodial parent does not have standing to sue for the wrongful death of his or her minor child; therefore, we affirm the summary judgment in favor of the defendant mother in this action brought by the father alleging the wrongful death of their minor daughter. Because our affirmance is based upon the father’s lack of standing, we need not decide whether the trial court was correct in holding that a parent is immune from suit for the wrongful death of his or her child based on the doctrine of parental immunity.
Sandra Miller Dismukes and Larry Miller were the parents of Pamela Miller, the deceased child. Pamela was born on August 27,1980. The parents were divorced in Seminole County, Georgia, on March 10, 1982, and the mother was awarded custody of Pamela, based on an agreement by the parents. The mother, who subsequently remarried and took the name of her second husband (Dismukes), remained the custodial parent until Pamela’s death.
Pamela was killed in an automobile accident on November 16, 1991. She was a passenger in an automobile operated by her mother, Sandra Dismukes. Her father, Larry Miller, alleged in his complaint that Mrs. Dismukes was legally intoxicated at the time of the accident and that her wanton conduct was the proximate cause of the child’s death. In her answer, Mrs. Dismukes denied the allegations of the complaint about intoxication, and she also denied any alleged wanton conduct.
Mrs. Dismukes filed a motion for summary judgment, in which she alleged that Mr. Miller, as the noncustodial parent, lacked standing to file this wrongful death action. In addition, she alleged that even if he had standing, she was immune from suit on the basis of parental immunity. She supported her motion with an affidavit she had executed, to which she attached a copy of the parties’ divorce judgment.
After considering the briefs and arguments of both parties on the issues of standing and parental immunity, the trial court entered a summary judgment for Mrs. Dismukes. The court stated:
“I have considered the issues raised by the defendant’s motion for summary judgment and the plaintiffs response to it. I find that the doctrine of parental immunity as presently delineated by the Alabama Supreme Court bars this suit....”
Even though the trial court focused on the issue of parental immunity, the initial issue presented both in the trial court and on appeal was whether Mr. Miller, as a noncustodial parent, had standing under Alabama law to bring this wrongful death action.
Two statutes are key to our analysis of the standing issue: § 6-5-390 and § 6-5-391, Ala.Code 1975. Section 6-5-390, which gives standing to sue for an injury to a minor child, states:
“A father or a mother, provided they are lawfully living together as husband and wife, shall have an equal right to commence an action for an injury to their minor child, a member of the family; provided, however, that in the event that such mother and father are not lawfully living together as husband and wife, or in the event legal custody of such minor child has been lawfully vested in either of the parties or some third party, then and in either event the party having legal custody of such minor child shall have the exclusive right to commence such action.”
(Emphasis added.)
Section 6-5-391, which authorizes a suit for the wrongful death of a minor child, refers to § 6-5-390 and states:
“When the death of a minor child is caused by the wrongful act, omission or negligence of any person, persons or corporation, his or her servants or agents, the father, or the mother in cases mentioned *1040 in 6-5-S90, or, if the father and mother are both dead or if they decline to commence the action, or fail to do so, within six months from the death of the minor, the personal representative of such minor may commence an action, and in any case shall recover such damages as the jury may assess; provided, that an action by any one of them for the 'wrongful death of the minor shall be a bar to another action either under this section or under section 6-5-410.”
(Emphasis added.) In interpreting these statutes in the context of divorced parents, the Court held that a divorced mother, as custodial parent, had the exclusive right under §§ 6-5-390 and 6-5-391 to bring an action for the wrongful death of her child. Carter v. Beaver, 577 So.2d 448 (Ala.1991).
In Carter, this Court discussed some of the history of the action for the wrongful death of a minor child:
“There was no right of action at common law for the death of a child, and the right to recover damages therefor is purely statutory. Taylor v. City of Clanton, 245 Ala. 671, 18 So.2d 369 (1944). The original act giving the parents a right of action for the wrongful death of a minor was enacted in 1872 and was codified in 1876.
“A code commissioner’s note to Code 1907, § 2485, quoted in Cofer [v. Ensor], 473 So.2d [984] at 989-90 [Ala.1985], sets out the history of what is now § 6-5-391; that history will not be repeated here, but a summary of it shows that when the original cause of action for wrongful death was legislatively created in 1852, it did not exclude wrongful death of minors, and, as was stated in Cofer, ‘the statute that gave the right of action for wrongful death of a minor directly to the parent (presently § 6-5-391) did not create a cause of action for wrongful death; it allowed the parents to sue for any child’s wrongful death.’ This Court reasoned: ‘To conclude otherwise would be to hold that between 1852 and 1876 [sic, 1872] no cause of action existed in Alabama for the wrongful death of a minor.’
“Based on this history, therefore, prior to 1872, only the personal representative could maintain [an] action for the death of a minor or of an adult, and when parents were given the right to sue for the wrongful death of a minor child, the legislature made no provision, as it had done in the original wrongful death act, for the distribution of the proceeds from any recovery had in such an action.
[[Image here]]
“Sections 6-5-390 and -391 were amended in 1979 to eliminate the priority of right given to the father to bring an action for the personal injury (or wrongful death) of his minor child. Sections 6-5-390 and -391 now give ‘[a] father or a mother, ... [who] are lawfully living together as husband and wife, ... an equal right to commence an action for an injury to their minor child’ or the wrongful death of such a child. These Code sections were also amended to provide that ‘in the event such mother and father are not lawfully living together as husband and wife, or in the event legal custody of such minor child had been lawfully vested in either of the parties or some third party, then and in either event the party having legal custody of such child shall have the exclusive right to commence such action.’ The second phrase of the statute is applicable here.”
577 So.2d at 450 (footnote omitted; emphasis in Carter).
The question of standing in this case is particularly unique because Mrs. Dismukes, the mother and custodial parent of Pamela Miller, is the one alleged to have proximately caused the death of the child by her alleged wanton conduct. While it may seem illogical to vest in the party who allegedly caused the death the “exclusive” right to sue, that is what the statute provides. Section 6-5-390 specifically states that “the party having legal custody of such minor child shall have the exclusive right to commence such action.” (Emphasis added.)
However, this Court has held that “the cause of action for a minor’s wrongful death belongs to either parent; if one declines or is unable to commence the action, the other parent or, in some cases, the minor’s personal representative, may bring the action.” Lee v. Lee, 535 So.2d 145, 146 (Ala.1988). *1041 Section 6-5-391 provides that “if [the person having the right to sue] decline[s] to commence the action, or fail[s] to do so within six months from the death of the minor, the personal representative of such minor may commence an action.”
We hold that the father, as the noncustodial parent, lacks standing to sue, because § 6-5-390 clearly states that “the party having legal custody of such minor child shall have the exclusive right to commence such action.” (Emphasis added.) Accordingly, we affirm the summary judgment.
Because we hold that Mr. Miller lacks standing to bring a wrongful death action, we do not address the issue of whether the doctrine of parental immunity should be modified or abolished in the context of a wrongful death action against a parent. In addition, we do not address the question whether Mr. Miller is, or can be, the appointed personal representative of the child’s estate for the purpose of bringing an action.[1]
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.

. While Mr. Miller claims to be the personal representative of Pamela Miller's estate, no evidence in the record verifies this claim. Furthermore, we note that the record indicates that Mr. Miller is a resident of Georgia; therefore, his claim that he is the personal representative may not have merit, because under the provisions of § 43-2-22(a), Ala.Code 1975, a nonresident of this state generally cannot serve as administrator of the estate of an Alabama resident. See also, Burnett v. Garrison, 261 Ala. 622, 75 So.2d 144 (1954).