SHORES, Justice.
These appeals present a question of standing to bring a wrongful death action under §§ 6-5-390 and 6-5-391, Ala.Code 1975.
On December 24, 1994, Neal Gladhill, Jr., and his two children, Ashley and Theron, were killed when the automobile driven by Neal left the roadway on a bridge and plunged into a creek. The question presented is whether under the facts of this case the mother of the two children, Elizabeth Glad-hill White,[1] or the administrator of their estates, Clyde Collier, is the proper party to bring wrongful death actions based on the children’s deaths. The trial judge held that the mother was not the custodial parent at the time of the children’s deaths and, therefore, that the administrator was the proper party to bring the actions. The mother appeals. We reverse and remand.
Theron and Ashley Gladhill were the son and daughter of Elizabeth and Neal Gladhill, Jr. In December 1993, when their parents divorced, Theron was two years old and Ashley was three. Pursuant to the divorce settlement, custody of the children was awarded to the mother.
On December 9, 1994, Neal Gladhill, Jr., petitioned for a modification of the custody award. On December 11, 1994, after an ex parte hearing at which the father alleged abuse of the children, the Lamar Circuit Court issued an “Emergency Custody Order,” placing temporary custody of the children with Neal Gladhill, Jr., and setting a final hearing for January 13,1995.
On June 12, 1995, the mother filed two wrongful death complaints against Lamar County, alleging that it had wrongfully caused the deaths of the two children. Specifically, she alleged that Lamar County had negligently constructed, designed, and/or maintained the bridge and roadway on which the fatal accident occurred. On June 29, Clyde Collier, a friend of the children’s paternal grandfather, Neal Gladhill, Sr., petitioned for letters of administration in the estates of Neal Gladhill, Jr., Ashley Gladhill, and Theron Gladhill. On June 29, 1995, the letters were granted; on November 2, 1995, Collier, as administrator of the children’s estates, filed wrongful death complaints against Lamar County, alleging that it had wrongfully caused the deaths of the children.
*115 On December 22, 1995, Collier moved to dismiss the mother’s wrongful death complaints. On January 25, 1996, the mother moved to dismiss Collier’s complaints. On June 14, 1996, the trial court held that Collier had standing to bring the actions, on the grounds that the mother was not the custodial parent at the time of the children’s deaths.
These appeals present only a question of law, specifically, whether the mother was the “custodial parent” for purposes of §§ 6-5-390 and 6-5-391. Section 6-5-391 read as follows at the time of these children’s deaths:[2]
“When the death of a minor child is caused by the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, the father, or the mother in cases mentioned in Section 6-5-390, or, if the father and mother are both dead or if they decline to commence the action, or fail to do so, within six months from the death of the minor, the personal representative of such minor may commence an action, and in any case shall recover such damages as the jury may assess; provided, that an action by any one of them for the wrongful death of the minor shall be a bar to another action either under this section or under Section 6-5-410.”
Section 6-5-391 incorporates a reference to § 6-5-390, which provides:
“A father or a mother, provided they are lawfully living together as husband and wife, shall have an equal right to commence an action for an injury to their minor child, a member of the family; provided, however, that in the event such mother and father are not lawfully living together as husband and wife, or in the event legal custody of such minor child has been lawfully vested in either of the parties or some third party, then and in either event the party having legal custody of such minor child shall have the exclusive right to commence such action.”
If a father and a mother are not lawfully living together as husband and wife, then under §§ 6-5-390 and 6-5-391 the custodial parent has the exclusive right to bring the wrongful death claim. Miller v. Dismukes, 624 So.2d 1038, 1040 (Ala.1993), citing Carter v. Beaver, 577 So.2d 448 (Ala.1991). Consequently, we must first determine which parent in this case had legal custody at the time of the children’s deaths. The mother claims that the “Emergency Custody Order” placing temporary custody in Neal Gladhill, Jr., was a pendente lite order that did not divest her of legal custody for purposes of the statute. Collier, the administrator, counters with the argument that the order, irrespective of its nature as a temporary order, had given full custody to Mr. Gladhill at the time of the children’s deaths.
The trial judge’s order reads in pertinent part:

“EMERGENCY CUSTODY ORDER

“This cause having been presented to the Court on the verified Petition for modification of custody, and Petitioner having alleged that actual abuse has been committed against the parties’ minor children, and this Honorable Court having found that a sufficient basis exists to find that the children will be placed in danger of physical abuse if custody is not modified hereby ORDERS as follows:
“That temporary custody of the parties’ minor children ... is hereby granted to the Petitioner pending further orders of the court.
[[Image here]]
“IT IS HEREBY ORDERED, ADJUDGED AND DECREED that a hearing is hereby set for the 13th day of January, 1995, at 9:00 o’clock, a.m., in the Circuit Court of Tuscaloosa County, Alabama. Both of the parties are hereby ORDERED to be present and before this Court at the date, time and place of said hearing as above described.”
This factual context fits squarely within the definition of a pendente lite order, because it envisions placing temporary custody of the children with the father, pending a final de *116 termination of whether custody shall remain with the mother or be modified and awarded to the father. “Pendente lite” is defined as:
“Pending the lawsuit; during the actual progress of a suit; during litigation. Matters ‘pendente lite’ are contingent on outcome of litigation.”
Black’s Law Dictionary, (6th ed.1990). In other words, the trial court’s emergency order was not a “final” order; it was not a “custody award,” which is “final and ... generally intended to remain in effect until one of the parties succeeds in a petition requesting the court to modify [it].” Ex parte J.P., 641 So.2d 276, 278 (Ala.1994).
The question of when a temporary custody order is a pendente lite order has arisen in the context of whether the rule of Ex parte McLendon, 455 So.2d 868 (Ala.1984), should' be activated so as to shift the burden of proof in a custody case. In Ex parte J.P., supra, the Court stated:
“In dealing with custody cases, it is of paramount importance for a court to determine the kind of order it is entering or the kind of proceeding it is conducting; for example, it matters whether the court is entering a temporary order in contrast to a pendente lite order.... We recognize the language used by the courts can be confusing, especially the language speaking of a temporary award of custody as a final order, as opposed to a pendente lite order, which is not a final order....
“Semantically, this entire matter would be simpler if all courts declined to use the phrase ‘temporary custody’ and simply used ‘pendente lite’ or ‘custody’ as the circumstances require.
“Pendente lite orders are generally entered only during the pendency of the litigation and are usually replaced by a final order or judgment that is entered at the end of the litigation. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987). In custody situations, a pendente lite order clearly envisions continuing custody pending a later final determination of that custody dispute, whereas ‘custody awards’ are final and are generally intended to remain in effect until one of the parties succeeds in a petition requesting the court to modify its custody award. Sims, supra.”
641 So.2d at 278. In Ex parte J.P. we held that because “the trial court [had] placed custody of the child with the paternal aunt and uncle pending a hearing to determine custody” the order “was not a final order of custody.” Id. In Creel v. Creel, 582 So.2d 1153 (Ala.Civ.App.1991), the Court of Civil Appeals considered whether a temporary custody order by which the custody of the minor children remained with the father “pending the mother furnishing to the court an up-to-date statement of her drug health,” 582 So.2d at 1158, was a pendente lite order or was an order that activated the McLendon rule. It held that the trial court’s order placing temporary custody with the father was a pendente lite order.
We conclude that the trial court erred in dismissing the wrongful death complaints filed by the mother. The emergency order was a pendente lite order and did not divest her of custody for purposes of §§ 6-5-390 and 6-5-391. The administrator is the proper party to sue only if the father and mother are both dead, or if they decline to commence the action or fail to do so within six months from the death of the minor. § 6-5-391, Ala. Code 1975.
Because our resolution of the custody issue is determinative of these appeals, we need not treat the mother’s further contentions.[3] Accordingly, the judgment of the trial court is reversed, and the causes are remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, and COOK, JJ„ concur.
BUTTS and SEE, JJ., dissent.

. Although the original complaint carries the name "Elizabeth Gladhill White,” the judgment in the trial court and the notice of appeal carry the name "Elizabeth Gladhill." After her divorce from Neal Gladhill, Jr., Ms. Gladhill remarried and became known as "Elizabeth Glad-hill White.”

. This section was amended in 1995. The issues presented in this case would not be affected by the 1995 amendment even if it were applicable.

. The mother contends that §§ 6-5-390 and 6-5-391 would not preclude her, even if she were a noncustodial parent, from bringing these wrongful death actions. She also argues that § 6-5-391 is unconstitutional. However, § 6-6-227 requires that the attorney general be served with a copy of any 'proceeding” challenging the constitutionality of a statute, and he was not served in these two cases.